# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RONALD DAVID JONES,**

    **Plaintiff,**

**VS.**                                                        **Case No. 4:16cv110-WS/CAS**

**CHRIST TOWN MINISTRIES,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, was given leave to submit an amended complaint in this case. ECF No. 5. Plaintiff filed the amended civil rights complaint on April 21, 2016, pursuant to 42 U.S.C. § 1983. ECF No. 6. This version of the complaint has now been reviewed.

Plaintiff alleges that in March of 2014, he worked with Christ Town Ministries, located in Quincy, Florida, and the Men's Residential Recovery Program. ECF No. 6 at 2. Plaintiff indicates his work was performed as a type of internship towards a Masters Degree in Christian Studies at Grand

Canyon University.[1]  *Id.* at 2-3.  Plaintiff alleges that he performed the required work and reported it as required.  *Id.* at 3.  Notwithstanding, Grand Canyon University informed Plaintiff that the information was not received from his "place of internship."  *Id.*  Plaintiff alleges that Christ Town Ministries told him that "they submitted the information."  *Id.*  Because the information was either not submitted or not received, Plaintiff was "not able to graduate with a Masters in Christian Studies and placed a hardship both physically and mentally."  *Id.*

Plaintiff makes a conclusory and unsupported allegation that "Christ Town Ministries is doing this because Plaintiff is Black and worship and serve the Godhead as black."  *Id.* at 4.  Plaintiff contends his First Amendment rights have been violated and he has been subjected to discrimination.  *Id.* at 4-5.

First, Plaintiff has not alleged a clear statement of facts which reveal that Defendant Christ Town Ministries intentionally took any action against Plaintiff.  The allegations of the amended complaint suggest that it is unknown whether Christ Town Ministries failed to send information or

---

[1] Judicial notice is taken that Grand Canyon University is self-described as a "private Christian university" in Phoenix, Arizona.

Case No. 4:16cv110-WS/CAS

whether Grand Canyon University failed to receive the information due to no fault of Christ Town Ministries.[2]

Second, Plaintiff has not provided a clear statement of facts showing how he was treated differently than any other persons. Thus, the discrimination claim is insufficient on its face.

Third, Plaintiff filed this case as a civil rights action but the Defendant is not a "state actor." To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985). Plaintiff has not alleged facts which demonstrate either "(1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)). Plaintiff has not sufficiently alleged the deprivation of any right, nor has Plaintiff shown that Defendant Christ Town Ministries is a "state actor."

---

[2] That uncertainty is also evident in light of Plaintiff's allegations which were presented in a case filed simultaneously with this case. *See* case # 4:16cv109-RH/CAS.

Plaintiff's amended complaint is insufficient to present a viable claim under § 1983 and because it does not appear that he can do so, this case should be dismissed and opportunities for further leave to amend need not be provided.[3]

**RECOMMENDED**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 6, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on May 6, 2016.

 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Plaintiff has filed approximately 25 cases recently, nearly all of which have been summarily dismissed. *See* 4:00-cv-00428-RH, 4:14-cv-00332-RH-CAS, 4:15-cv-00061-RH-CAS, 4:15-cv-00076-MW-CAS, 4:15-cv-00080-WS-CAS, 4:15-cv-00082-RH-CAS, 4:15-cv-00083-RH-CAS, 4:15-cv-00084-MW-CAS, 4:15-cv-00085-RH-CAS, 4:15-cv-00086-RH-CAS, 4:15-cv-00087-MW-CAS, 4:15-cv-00088-RH-CAS, 4:15-cv-00089-RH-CAS, 4:15-cv-00090-RH-CAS, 4:15-cv-00104-RH-CAS, 4:15-cv-00105-RH-CAS, 4:15-cv-00116-MW-CAS, 4:15-cv-00117-RH-CAS, 4:15-cv-00119-RH-CAS, 4:15-cv-00620-RH-CAS, 4:15-cv-00621-RH-CAS, and 4:16cv111-MW/CAS.

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**